IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER BURCHELL                                                                    PLAINTIFF

v.                                          Case No. 5:15-CV-05076

GREEN CAB COMPANY, INC.; BRADLEY AUDRAIN;
SARAH SPARKS DIEBOLD; MATT POWELL; and
ANDREW MILES                                                                            DEFENDANTS

**OPINION AND ORDER**

Currently before the Court are Plaintiff Christopher Burchell's motion for costs and attorneys' fees (Doc. 15) and supporting documents, Defendants' response (Doc. 17) and supporting exhibits, and Plaintiff's reply (Doc. 19). For the reasons set forth below, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

**I.      BACKGROUND**

Plaintiff filed his complaint on April 1, 2015, alleging Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* ("AMWA") by failing to pay minimum and overtime wages as required by law. Defendants filed an answer on June 10, 2015, and the Court entered an initial scheduling order the next day. On July 16, 2015, a notice of acceptance of offer of judgment pursuant to Federal Rule of Civil Procedure 68 was filed (Doc. 11), indicating that Plaintiff had served notice on June 19, 2015, of an offer made by Defendants on June 11, 2015. Accordingly, the Clerk entered Judgment (Doc. 14) in favor of Plaintiff and against Defendants jointly in the amount of $1,750.00, plus costs and attorney's fees. Plaintiff then moved for an assessment of attorneys' fees and costs recoverable

under 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure. (Doc. 15).

## II.   DISCUSSION

Plaintiff seeks a total of $400 in costs and $14,519.75 in attorneys' fees. In support of his motion, Plaintiff submitted an itemized list of hours billed to this case by his attorneys, Cheslee Mahan, Josh Sanford, and Steve Rauls,[1] as well as a total of 0.3 hours billed by administrative staff; and a declaration signed by Josh Sanford. (Docs. 15-1, 15-2). Both the notice of acceptance and the judgment explicitly provide that Plaintiff is entitled to recover fees and costs. The issue here is whether the amounts claimed by Plaintiff are reasonable. Defendants do not object to Plaintiff's submitted costs of $400. With regard to attorneys' fees, however, Defendants object to the reasonableness of the hourly rates and the number of hours expended in litigation of this matter.

In an action brought pursuant to the FLSA, the Court "shall, in addition any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The starting point for determining a reasonable amount of attorneys' fees is the time-based lodestar determination, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). In determining the lodestar, a court may consider such facts as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9)

---

[1] Steve Rauls is not listed as an attorney of record on the case but apparently performed some legal work on the case that did not involve filing materials with the Court.

>   the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.  The lodestar calculation "provides an objective basis on which to make an initial estimate of the value of the lawyer's services."  *Id*. at 433.  There is a strong presumption that the lodestar method yields a "reasonable" fee.  *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010).

### A.　Hourly Rate

Plaintiff seeks hourly rates of $290 for Sanford; $225 for both Rauls and Mahan; and $60 for "staff."  "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'"  *Moysis v. DTG Datanet*, 278 F.3d 819, 828–29 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1047 (8th Cir. 2001)).  Plaintiff submitted a declaration from Sanford in which he describes his educational background and prior experience as well as that of Rauls and Mahan, and avers that the requested rates are well within the standard range for similar litigation in the area.  The Court notes that although some substantive research into the merits of the case was required in filing the complaint and estimating damages for purposes of settlement negotiations, this case never proceeded to discovery or litigation of the merits themselves.  The itemized hours reflect that most of the work involved negotiating a settlement with defense counsel.  The Court finds, however, that the requested hourly rates are with the range of reasonableness for similar work performed in the Northwest Arkansas area by persons of similar experience and qualifications.

### B.　Hours Expended

Plaintiff contends that he is entitled to recover fees for a total of 61.65 hours of time expended by his attorneys in litigating this matter: 5.5 hours by Steve Rauls; 46.45 hours by Cheslee Mahan; and 9.7 hours by Josh Sanford. In their opposition, Defendants argue that the time spent is excessive for a relatively simple case that settled just nine days after an answer was filed, before any discovery or litigation of the merits had taken place. Defendants argue that time spent on intra-firm communications was unnecessary and excessive; that work performed after service of the offer of judgment should not be included in any fee recovery; that duplicative billing resulted from that fact that three attorneys were working the case; that time devoted to a class action that never materialized should not be counted; and that time billed for administrative and ministerial tasks should be excluded entirely. Defendants submit that Plaintiffs' total hours should be reduced to 17.8.

A district court has discretion to determine the number of hours to be awarded when conducting the lodestar calculation. *See Fires v. Heber Springs Sch. Dist.*, 2014 WL 2441955 at *2 (8th Cir. June 2, 2014) (reviewing district court's decision to classify hours as excessive for abuse of discretion and "giving due deference to the district court's unique understanding of the legal and factual issues implicated by this matter and counsel's handling of them"). In exercising this discretion, the court "should weigh the hours claimed against [the court's] own knowledge, experience, and expertise of the time required to complete similar activities." *Gilbert v. City of Little Rock, Ark.*, 867 F.2d 1063, 1066 (8th Cir. 1989) (quotation omitetd). Prevailing parties are not entitled to recover for hours claimed that were not "reasonably expended." *Hollowell v. Gravett*, 723 F. Supp. 107, 108 (E.D. Ark. 1989) (quoting *Hensley*, 461 U.S. at 433). The Court has thoroughly reviewed the invoice submitted by Plaintiff and addresses each of Defendants' arguments below.

Defendants contend that time spent on intra-firm communications was unnecessary and

excessive. The Court agrees. The Court has identified over 80 entries in the itemized listing through June 19, 2015 that included, at least in part, fees requested for communications among the three attorneys on the case. While some communication between members of a firm working the same case is to be expected, the amount of time that Plaintiff's counsel would have Defendants pay for in this case is excessive. Much of it appears to be oversight and, to some extent, education of Ms. Mahan during this litigation. Defense counsel should not be responsible for Ms. Mahan's training or for duplicative time spent by Rauls or Sanford discussing tasks performed by Ms. Mahan. Furthermore, some of these same entries were redundant or duplicative (i.e. two attorneys billing for the same communication or conference), or the attorney billing at a higher rate (Sanford) billed for communicating with Mahan instead of the other way around, although Mahan appears to have been the lead attorney on this case. The Court finds that the hours requested by Plaintiff's counsel should be reduced by a total of 10.4 hours to account for overbilling of this category of time: 3.55 hours for Sanford; 4.65 hours for Mahan; and 2.2 hours for Rauls.[2]

Defendants next argue that no time should be counted after the date of the offer of judgment—June 11, 2015. The Court agrees. The offer submitted to Plaintiff allowed for "an award of reasonable attorneys' fees and costs accrued *through the date of this Offer of Judgment . . . .*" (Doc. 13-1). In accepting Defendants' offer, Plaintiff accepted that term of the offer as well. Plaintiff's counsel have represented that their fee request does not include any fees incurred after June 19, 2015. The Court finds that the hours requested by counsel should be reduced by 7 to account for hours spent from June 12, 2015 through June 19, 2015: 1.3 hours for Sanford, 4.9 hours

---

[2] For reasons set out in the subsequent paragraph, the Court only considered hours claimed through June 11, 2015.

for Mahan, and 0.8 hours for Rauls.

Defendants argue that Plaintiff's counsel engaged in duplicative billing—that multiple attorneys billed for performing the same task or that the same task was itemized more than once—and that Plaintiff's counsel, in certain instances, billed an excessive amount of time for the task performed. The Court agrees. For instance, more than one entry itemizes review of the client's excel chart. Multiple entries address drafting and review of the complaint, ultimately adding up to an amount of time that the Court finds to be excessive in this particular case. There is more than one entry for Mahan "work[ing] on Client's file – damages." These are just some examples. The Court finds that the hours requested by counsel should be reduced by 11.25 to account for such duplicative billing: 1.5 hours for Sanford and 9.75 hours for Mahan.

Defendants next argue that any time devoted to a class action that never materialized should not be counted. The Court disagrees. The possibility of the development of a class or collective action was likely relevant to the ongoing settlement negotiations between the parties and initial preparation of the case.

Finally, Defendants argue that time billed for administrative or ministerial tasks should be excluded entirely. The Court disagrees, but finds that such work should be billed at a rate reasonable for administrative personnel, as it was not necessary for such work to be performed by an attorney. The Court will use the rate proposed by Plaintiff of $60. The Court finds that the hours attributed to Plaintiff's counsel should be reduced by 1.2 hours to account for time spent on administrative tasks: 0.3 hours for Sanford, 0.6 hours for Mahan, and 0.3 hours for Rauls. This will result in a total of 1.5 hours being billed at the $60 rate for "staff."

According to the Court's calculations, the above reductions result in the following totals:

3.05 hours for Mr. Sanford; 26.55 hours for Ms. Mahan; 2.2 hours for Mr. Rauls; and 1.5 hours for administrative staff. This equates to fees of $884.50 for Mr. Sanford; $5,973.75 for Ms. Mahan; $495 for Mr. Rauls; and $90 for administrative work, for a total fee award of $7,443.25.

### III.　CONCLUSION

For the reasons set forth above, IT IS ORDERED that Plaintiff's motion for attorneys' fees and costs (Doc. 15) is GRANTED IN PART to the extent that Plaintiff is awarded attorney's fees in the amount of $7,443.25 and costs in the amount of $400.00.

IT IS SO ORDERED this 8th day of March, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE